UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LOWELL HUNTER,

                        Plaintiff,

        -against-

P.O. DANIEL L. MIDDLETON, Shield No. 6957, P.O.
"JOHN DOE" and THE CITY OF NEW YORK,

                      Defendants.

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

02 CV 6381 (JG)(MDG)

------------------------------------------------------------------X

**WHEREAS**, plaintiff commenced this action by filing a complaint on or about December 5, 2002, alleging violations of his civil rights pursuant to 42 USC § 1983 and state law; and

**WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff **LOWELL HUNTER** the sum of **SIXTY-FIVE THOUSAND ($65,000) DOLLARS** in full satisfaction of all claims, including claims for costs, expenses and attorney fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal of all the claims against all of the named

defendants and to release all defendants and all present and former employees and agents of the City of New York and the New York City Police Department from any and all liability, claims, or rights of action arising from and contained in the complaint in this action, including claims for costs, expenses and attorney fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation a General Release based on the terms of paragraph 2 above and an Affidavit of No Liens.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation and settlement shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the New York City Police Department.

6. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of

the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:     New York, New York
June 10, 2004

Alan D. Levine, Esq.
Attorneys for Plaintiff
80-02 Kew Gardens Road
Kew Gardens, New York 11415

By: _____
Alan D. Levine (AD )
(AL3634)

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 3-226
New York, New York 10007
(212) 788-0784

By: _____
Rachel A. Seligman (RS 6674)
Assistant Corporation Counsel

SO ORDERED:

_____ 6-29-04
JOHN GLEESON, U.S.D.J.

3